J-S74044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| LINDSAY M. DWYER | |
| Appellant | No. 1711 EDA 2017 |

Appeal from the Judgment of Sentence April 17, 2017
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002001-2016

BEFORE:  BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                    **FILED FEBRUARY 12, 2018**

Appellant, Lindsay M. Dwyer, appeals from the judgment of sentence of six to twenty-three months of incarceration, imposed April 17, 2017, following an open guilty plea resulting in her conviction for simple assault.[1]  We affirm.

We adopt the following statement of facts from the trial court opinion, which in turn is supported by the record.  **See** Trial Court Opinion (TCO), 7/31/17, at 1-20.  Following an incident where the intoxicated Appellant stabbed and shot at her boyfriend, she was arrested and charged with aggravated assault, recklessly endangering another person, simple assault,

_____

[1] **See** 18 Pa.C.S. § 2701.

and possession of an instrument of crime.[2]  Appellant entered an open guilty plea to one count of simple assault.  All other charges were *nolle prossed*.

Although the court entered an order for a pre-sentence investigation report ("PSI"), and Appellant scheduled two appointments with the probation department, she did not appear for either appointment.  Nevertheless, the probation department prepared a PSI with the information available.  The report indicated that Appellant had a prior DUI in Northampton County for which she had received Accelerated Rehabilitative Disposition ("ARD").  Appellant's ARD was revoked following her failure to appear for a hearing.

On April 17, 2017, Appellant appeared for sentencing.  Counsel did not object to the PSI as prepared.  Appellant appeared for allocution and spoke regarding her mental health issues, her drug addiction, and her abusive relationship.  She did not submit additional reports regarding her drug and alcohol counseling or mental health treatment, though she stated she was in recovery.

The court sentenced Appellant to six to twenty-three months of incarceration, at the low end of the standard range, and ordered her to complete anger management counseling and continue with drug, alcohol, and mental health counseling.[3]  The court indicated it would reconsider the

---

[2] **See** 18 Pa.C.S. §§ 2702, 2705, 2701, and 907, respectively.

[3] Appellant suggests that her sentence is well beyond the standard range of zero to two months.  However, because Appellant committed her assault with

sentence if Appellant provided documentation confirming she was currently in treatment and complying with the recommendations of her provider. Although Appellant filed a motion seeking reconsideration of her sentence, she did not provide the requested documentation. The court denied her post sentence motion.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The sentencing court issued a responsive opinion.

Appellant raises a single issue for our review:

> Did the sentencing court abuse its discretion in imposing a sentence in the aggravated range contrary to the written plea colloquy by the defendant and the Commonwealth, and in further denying reconsideration of sentence without affording the defendant the opportunity to be heard?

Appellant's Brief at 6 (unnecessary capitalization and suggested answer omitted).

Appellant's sole issue is a challenge to the discretionary aspects of her sentence, which must be considered a petition for permission to appeal. *See Commonwealth v. Coulverson*, 34 A.3d 135, 142 (Pa. Super. 2011); *see also* Pa.R.A.P. 2119(f). This Court conducts a four-part analysis to determine: (1) whether Appellant has timely filed a notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and

---

a knife and gun, the trial court applied the Deadly Weapon Used Sentencing Matrix pursuant to 204 Pa. Code § 303.10(a)(2). *See* TCO at 11. Thus, the standard range was six to seven months with an aggravated range of ten months. *See* 204 Pa. Code § 303.17(b); TCO at 11.

modify sentence; (3) whether Appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted).

Appellant timely filed a notice of appeal and filed a motion for reconsideration of her sentence. However, she did not preserve this issue in her motion. In the motion, Appellant requested a downward modification of her sentence. ***See*** Mot. for Recons., 4/26/17, ¶¶ 1-9. She noted that a six-month period of incarceration would jeopardize her employment, ability to obtain health insurance, and may result in loss of housing. ***Id.*** However, her motion did not challenge the propriety of the sentence or aver that it was an abuse of discretion. ***Id.*** Accordingly, Appellant has not preserved her issue for purposes of appeal. ***See Leatherby***, 116 A.3d at 83.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:2/12/18

- 4 -